UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY LINSON, | ) | Case No. 1:09CV0116 |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE KATHLEEN O'MALLEY |
| | ) | (Magistrate Judge McHargh) |
| STUART HUDSON, | ) | |
|     Warden, | ) | |
| | ) | |
|     Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The petitioner Rodney Linson ("Linson") filed a petition for a writ of habeas corpus arising out of his 2006 convictions for aggravated robbery and kidnapping, with firearm specifications, in the Cuyahoga County (Ohio) Court of Common Pleas. (Doc. 1.) The respondent filed a motion to dismiss on Apr. 29, 2009, which argues that the petition should be dismissed as untimely. (Doc. 6, at 5-8.)

Linson has not opposed the motion to dismiss, but on Aug. 3, 2009, filed a motion to stay. (Doc. 7.)

## I. PROCEDURAL BACKGROUND

Linson entered a guilty plea to charges of aggravated robbery and kidnapping, with firearm specifications, on Feb. 14, 2006. (Doc. 6, RX 2.) The trial court then sentenced Linson to three years for aggravated robbery, with three years for the firearm specification, and three years on the kidnapping charge, plus three years for the firearm specification. The sentences for aggravated robbery and kidnapping charge were to be served concurrently, with each of the firearm specifications to be served consecutively, for an aggregate term of nine years. (Doc. 6, RX 2.) Linson did not file a timely appeal.

Over two years later, on June 18, 2008, Linson filed an untimely notice of appeal pro se, which the court construed as a motion for delayed appeal. (Doc. 6, RX 3.) On June 30, 2008, the court of appeals denied Linson leave to appeal. (Doc. 6, RX 4-5.)

Linson filed a notice of appeal to the Supreme Court of Ohio on July 24, 2008. (Doc. 6, RX 6.) The state high court denied Linson leave to appeal and dismissed the appeal as not involving any substantial constitutional question on Dec. 3, 2008. (Doc. 6, RX 7.)

Linson filed this petition for a writ of habeas corpus on Jan. 14, 2009. (Doc. 1.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Linson has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III. STATUTE OF LIMITATIONS

The respondent argues that the petition should be dismissed because it was filed after the statute of limitations had expired. (Doc. 6, at 5-8.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does

4

not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

Linson was sentenced on his conviction on Feb. 14, 2006. (Doc. 6, RX 2.) Under Ohio law, Linson had 30 days within which to file his direct appeal after the date of sentencing. Ohio R. App. P. 4(A). Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing on Feb. 17, 2006. Thus, the statute began to run on March 19, 2006, and expired one year later. See, e.g., Goodballet v. Mack, 266 F.Supp. 2d 702, 705 (N.D. Ohio 2003). Linson did not file his delayed appeal until June 18, 2008, after the statute of limitations had already expired. (Doc. 6, RX 3.)

Although filing a motion for a delayed appeal may toll the running of a pending, unexpired one-year limitations period, it will not "revive" the statute, or cause it to begin running anew. DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir.), cert. denied, 534 U.S. 905 (2001); Buda v. Eberlin, No. 5:06cv1807, 2006 WL 2711792 (N.D. Ohio Sept. 21, 2006). Linson's petition for a writ of habeas corpus was untimely filed.

5

IV. MOTION FOR STAY

Linson has not filed an opposition to the respondent's April 29 motion to dismiss. Instead, Linson filed a motion for stay and abeyance on Aug. 3, 2009, requesting that the court hold his petition in abeyance "until petitioner has exhausted another state remedy that manifested on the 19th of June 2009." (Doc. 7, at 1.)

Linson claims that his legal research has revealed "a newly ruled upon case that is identical to his case . . . and the case was reversed and remanded by the 7th district [Ohio] court of appeals." Id. at 2. He asks that the court hold his case in abeyance "until petitioner has explored this new ruling that has been victorious on the state level to this point." Id.

The Supreme Court explained that the "stay-and-abeyance" procedure is used in circumstances where:

> . . . a petitioner comes to federal court with a mixed petition toward the end of the limitations period, [and] a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

Pliler v. Ford, 542 U.S. 225, 230 (2004). A "mixed" petition contains both unexhausted and exhausted claims. Pliler, 542 U.S. at 227.

Linson's petition is not a "mixed" petition, which would be eligible for consideration of the "stay-and-abeyance" procedure. Linson does not claim that he

6

will return to state court to exhaust a claim in his current petition. See, e.g., [Moore v. Wilson, No. 5:07CV0537, 2008 WL 2556669, at *2 (N.D. Ohio June 20, 2008)](). Rather, he seeks more time to conduct legal research. Several months have passed since he filed his motion, without any further word from him.

The court has already found that Linson's petition was untimely filed. Even if it were timely, Linson's petition is not a "mixed" petition, thus it is not eligible for the "stay-and-abeyance" procedure. The motion for stay should be denied.

## V. SUMMARY

The motion to dismiss ([doc. 6]()) should be granted, because Linson's petition was untimely filed. The motion for stay ([doc. 7]()) should be denied.

### RECOMMENDATION

It is recommended that the motion to dismiss (doc. 6) be granted, and the petition be denied, and that the motion for stay (doc. 7) be denied.


Dated:   Feb. 2, 2010              /s/ Kenneth S. McHargh
                                   Kenneth S. McHargh
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).