UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY LINSON, | : | Case No. 1:09-CV-116 |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| STUART HUDSON, Warden, | : | <u>JUDGMENT ENTRY</u> |
| Respondent. | : | |

Rodney Linson petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutional sufficiency of his conviction for aggravated robbery and kidnapping. (Doc. 1.) Linson's petition was referred to Magistrate Judge Kenneth S. McHargh ("Judge McHargh"), pursuant to 28 U.S.C. §636(b)(1)(C). On April 29, 2009, Respondent Stuart Hudson filed a motion to dismiss, alleging that Linson's petition was untimely. (Doc. 6.) Linson did not oppose Hudson's motion. On August 3, 2009, however, Linson moved for a stay and abeyance of his petition. (Doc. 7.)

On February 2, 2010, Judge McHargh submitted his Report and Recommendation ("R&R") to the Court, which recommended that Hudson's Motion to Dismiss (Doc. 6) be granted and Linson's Motion for Stay and Abeyance (Doc. 7) be denied. (Doc. 9.) Judge McHargh's R&R explained that failure by Linson to object to the R&R would result in the waiver of any right to object.

Linson has not filed any objection to this R&R and "[f]ailure to object to an adverse magistrate's report and recommendation, after being advised of the consequences, constitutes a waiver of further appellate review." Smith v. Franklin, 872 F.2d 1028 (6th Cir. 1989) (unpublished) (citing Thomas v. Arn, 474 U.S. 140 (1985)); see also Javaherpour v. United States, 315 Fed. Appx. 505, 508 (6th Cir.

2009) ("[A] party must file timely objections with the district court to avoid waiving appellate review."
(citing States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981))). Indeed:

> In Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 471, 88 L. Ed. 2d 435 (1985), the United States Supreme Court specifically upheld [the Sixth Circuit's] rule conditioning the right to appeal a district court's order on the filing of specific objections to the magistrate's report and recommendation. The Court noted that "the Sixth Circuit rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing." Id.

Wilson v. McMacken, 786 F.2d 216, 220 (6th Cir. 1986) (discussing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254); see also Blandin v. Williams, No. 3:08-CV-2172, 2009 U.S. Dist. LEXIS 54111, at *3 (N.D. Ohio June 26, 2009) ("A [§ 2254] petitioner who fails to object to legal or factual conclusions of a report and recommendation waives review of those issues.").

Because Linson has not objected to any portion of Judge McHargh's R&R recommending that Hudson's Motion to Dismiss (Doc. 6) be granted and that Linson's Motion for Stay and Abeyance (Doc. 7) be denied, it is unnecessary to review Linson's petition further. Nevertheless, the Court has reviewed, de novo, the statute of limitations issue on which Judge McHargh relied in recommending that this Court dismiss Linson's petition and independently concludes that Linson's petition is barred by the AEDPA's statute of limitations. So, too, the Court has reviewed, de novo, Judge McHargh's conclusion that a stay and abeyance is inappropriate and independently concludes that Linson's petition is not a "mixed" petition that would be eligible for the stay and abeyance procedure.

Accordingly, Hudson's Motion to Dismiss (Doc 6) is GRANTED, Linson's Motion for Stay and Abeyance is DENIED, and Linson's petition is DISMISSED.

The court certifies, pursuant to 28 USC 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 USC 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                                                    s/Kathleen M. O'Malley
                                                    KATHLEEN McDONALD O'MALLEY
                                                    UNITED STATES DISTRICT JUDGE

Dated: March 3, 2010